Paul Mysliwiec
Special Attorney to the
Attorney General, Acting Under
Authority Conferred by 28 U.S.C. § 515
New York Bar No. 4795043
201 Third St. NW, Suite 900
Albuquerque, NM 87102
Telephone:  505-224-1411
Email: Paul.Mysliwiec@usdoj.gov
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff<br><br>v.<br><br>Samuel Marian Mattia,<br><br>Defendant. | Case No: 2:20-CR-0664-DJH_____<br><br>**UNITED STATES' OPPOSED MOTION FOR PROTECTIVE ORDER** |

The United States respectfully moves this Court, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3771(a), to enter a protective order governing certain confidential discovery produced by the United States in the above matter.  In support of this motion, the United States sets forth the following:

1.     The United States intends to disclose discovery in this case that will include, among other things, numerous documents, photographs, and digital evidence that contains personally identifiable information as well as information pertaining to individuals other than the defendant.  The referenced information is included on police reports, audio, and other documents.  Additionally, as the Court can see from the criminal complaint in this matter, Doc. 1, the charged events include disseminating pornographic recordings of the female victim that she never consented to being filmed in the first instance.

2. The United States is concerned that dissemination of this type of information has significant privacy implications, and potentially safety implications, for the individuals whose personal information and/or likeness is contained in these materials.  Because of the significant volume of the documents relevant to these concerns, merely redacting the discovery materials cannot sufficiently mitigate this risk without a) taking significant time, and b) significantly limiting the defendant and defense counsel's ability to observe all the evidence fully.  Entering a protective order will expedite the disclosure of discovery to defendant and safeguard the victims in this case.

3. Rule 16(d)(1) of the Federal Rules of Criminal Procedure, titled "Protective and Modifying Orders," states that "the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."

4. Counsel for Defendant, Gerald Williams, Esq., has been contacted about this motion and opposes it.

5. Accordingly, the United States submits that there is good cause for the Court to enter a protective order with the following terms:

    a. Material marked as "Confidential" by the United States in this case, received by the defendant (through his attorney) from the United States shall not be shown or otherwise provided or disclosed to individuals other than:

        i. Defendant;

        ii. Defendant's attorney of record;

        iii. employees of such attorney to whom it is reasonably necessary that the material be shown for the purposes of motions, hearings, trial, or appeal in this matter;

    iv. witnesses and their counsel to whom it is reasonably necessary that the material be shown for the purposes of motions, hearings, or trial (including post-conviction proceedings); and

    v. experts, investigators, or consultants who are assisting in the motions, hearings, trial, or appeal in this matter.

  b. Defense counsel may leave materials in the possession of their clients and third parties only if such materials do not include personally identifiable information about victims and witnesses, including but not limited to names, birth dates, social security numbers, addresses, photographs, and audio and video recordings. Individuals to whom discovery material is shown or otherwise provided must be provided with a copy of this protective order, and agree to be bound by its terms prior to being shown or otherwise provided with any material.

  c. Nothing in this protective order limits a defendant or the United States from disclosing material in this or related judicial proceedings, including in motions, at hearings, at trial, or in an appeal. This protective order requires, however, that the party redact any personal identifying information, any financial information, and other private information in accordance with Fed. R. Crim. P. 49.1.

  d. If the defendant disagrees with the designation of any material as Confidential, or wishes to use any Confidential material in a way not authorized by the original protective order, he may seek review from the Court, and potential modification of the protective order.

e. Within sixty days after the conclusion of this case, including the conclusion of any direct appeal or the expiration of the time limit within which to file such an appeal, as well as any collateral review, defense counsel shall return to the United States or notify the United States that it has destroyed the material that counsel received from the United States during this matter.

For the foregoing reasons, the United States respectfully requests that the Court enter a protective order as described. The filing of this motion in CM/ECF caused a copy to be served on Gerald Williams, Esq., counsel for Defendant.

Respectfully submitted,

*Electronically filed October 21, 2020*
PAUL J. MYSLIWIEC
Special Attorney to the Attorney General
Acting Under Authority Conferred by
28 U.S.C. § 515
P.O. Box 607
Albuquerque, New Mexico  87103
(505) 346-7274