# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-20-00664-001-PHX-DJH |
| Plaintiff, | **PROTECTIVE ORDER** |
| v. | |
| Samuel Marian Mattia, | |
| Defendant. | |

This matter is before the Court on the United States' Motion for Protective Order governing discovery materials produced by the United States, (Doc. 26). That Motion states that the Defendant objects to the Motion. The Court, having provided the Defendant sufficient time to explain his objection, and none being filed, the Court finds that this motion is well taken and should be granted.

**IT IS THEREFORE ORDERED granting** the Motion (Doc. 26), and any disclosure of the material and information in this regard shall be subject to the following restrictions:

1. Confidential Material received by the defendant (through his attorney) from the United States shall not be shown or otherwise provided or disclosed to individuals other than:

   i. Defendant;

   ii. Defendant's attorney of record;

   iii. employees of such attorney to whom it is reasonably necessary that the material be shown for the purposes of motions, hearings, trial, or appeal in this matter;

   iv. witnesses and their counsel to whom it is reasonably necessary that the material be shown for the purposes of motions, hearings, or trial (including post-conviction proceedings); and

   v. experts, investigators, or consultants who are assisting in the motions, hearings, trial, or appeal in this matter.

  2. Defense counsel may leave materials obtained from the United States in the possession of their client and third parties only if such materials do not include personally identifiable information about victims and witnesses, including but not limited to names, birth dates, social security numbers, addresses, photographs, and audio and video recordings. Individuals to whom discovery material is shown or otherwise provided must be provided with a copy of this protective order, and agree to be bound by its terms prior to being shown or otherwise provided with any material.

  3. Nothing in this protective order limits the defendant or the United States from disclosing material in this or related judicial proceedings, including in motions, at hearings, at trial, or in an appeal.  This protective order requires, however, that the party redact any personal identifying information, any financial information, and other private information in accordance with Fed. R. Crim. P. 49.1.

  4. If the defendant disagrees with the designation of any material as Confidential, or wishes to use any Confidential material in a way not authorized by the original protective order, he may seek review from the Court, and potential modification of the protective order.

5. Within sixty days after the conclusion of this case, including the conclusion of any direct appeal or the expiration of the time limit within which to file such an appeal, as well as any collateral review, defense counsel shall return to the United States or notify the United States that it has destroyed the material that counsel received from the United States during this matter.

Dated this 13th day of November, 2020.

_____
Honorable Diane J. Humetewa
United States District Judge