WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-20-00664-001-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Samuel Marian Mattia, | |
| Defendant. | |

Pending before the Court is Defendant Samuel Marian Mattia's Motion to Dismiss Indictment. (Doc. 34.) For the following reasons, the Motion is granted in part and denied in part.

## BACKGROUND

The grand jury indicted Defendant on one count of cyberstalking, pursuant to 18 U.S.C. § 2261A(2)(B) and 2262, on October 20, 2020. (Doc. 22.) Count One of the Indictment states:

> Between on or about April 9, 2019 and April 28, 2019, in Maricopa County, in the District of Arizona and elsewhere, the defendant SAMUEL MARIAN MATTIA, with the intent to harass and intimidate M.H. and J.H., used an interactive computer service, electronic communication service, and facility of interstate and foreign commerce to engage in a course of conduct that caused, and would reasonably be expected to cause, substantial emotional distress to M.H. and J.H.

*Id.* Defendant moves to dismiss the Indictment on the grounds that it is duplicitous. (Doc. 34.)

### DISCUSSION

#### I. Legal Standard

"An indictment is duplicitous when it joins two or more distinct and separate offenses into a single count." *United States v. Mancuso*, 718 F.3d 780, 792 (9th Cir. 2013); Fed. R. Crim. P. 12(b)(3)(B)(i). In determining whether an indictment is duplicitous, a court "is not to review the evidence presented at trial to determine whether it would support charging several crimes rather than one, but rather solely to assess whether the indictment itself can be read to charge only one violation in each count." *Mancuso*, 718 F.3d at 792 (citation omitted).

Duplicity is not fatal to an indictment. *United States v. Ramirez-Martinez*, 273 F.3d 903, 915 (9th Cir. 2001), *overruled on other grounds*, 484 F.3d 1186 (9th Cir. 2007). "[A] defendant indicted pursuant to a duplicitous indictment may be properly prosecuted and convicted if either (1) the government elects between the charges in the offending count, or (2) the court provides an instruction requiring all members of the jury to agree as to which of the distinct charges the defendant actually committed." *Id.*

#### II. Analysis

18 U.S.C. § 2261A(2)(B) provides:

> Whoever –
>
> . . .
>
> (2) with the intent to kill, injure, harass, intimidate, or place under surveillance with intent to kill, injure, harass, or intimidate *another person*, uses the mail, any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce to engage in a course of conduct that—
>
> . . .
>
> (B) causes, attempts to cause, or would be reasonably expected to cause substantial emotional distress to a person described in clause (i), (ii), or (iii) of paragraph (1)(A), shall be punished as provided in section 2261(b) or section 2261B, as the case may be.

(emphasis added). The persons described in subsections (i), (ii), and (iii) are "(i) *that person*; (ii) an immediate family member (as defined in section 115) of *that person*; [or] (iii) a spouse or intimate partner of *that person*." § 2261A(1)(A) (emphasis added).

Plainly read, the statute designates the victim as the unit of prosecution. The statute ties the intent to harass or intimidate to "another person" and the emotional distress element to "that person" or individuals associated with "that person." § 2261A(1)(A), (2)(B). As the Fourth Circuit explained, § 2261A(2) "unambiguously contemplate[s] that the unit of prosecution is the targeted individual, requiring that the defendant act with intent towards a particular 'person,' that his actions product the requisite effect in 'that person,' and defining punishment in terms of the effect on 'the victim.'" *United States v. Shrader*, 675 F.3d 300, 313–14 (4th Cir. 2012); *see also United States v. Conlan*, 786 F.3d 380, 387 (5th Cir. 2015).

The Indictment states that Defendant had the intent to harass and intimidate both M.H. and J.H. and that Defendant engaged in conduct that caused, and would reasonably be expected to cause, substantial distress in both M.H. and J.H. As the Indictment refers to two victims in one count, the Indictment is duplicitous. To remedy this violation, the Government shall elect between the charges in Count One and communicate its election to Defendant and the Court no later than 30 days from the date of this Order.[1]

Additionally, trial is reset from July 7, 2021 to November 8, 2021. The Court specifically finds that the ends of justice served by granting a continuance outweigh the best interest of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(a). This finding is based upon the impact of the continuing pandemic in Arizona on the Court's calendar. The November 8 date is the first date available for such a proceeding.

---

[1] At oral argument, Defendant argued that the Indictment should be dismissed because it is not possible to discern whether the grand jury found probable cause as to both M.H. and J.H. However, the Indictment can be read as finding probable cause for both as the Indictment specifically ties elements of the offenses to both M.H. and J.H. Additionally, requiring the Government to elect between the charges is an acceptable remedy even when a grand jury issues the charges. *See United States v. Aguilar*, 756 F.2d 1418, 1423 (9th Cir. 1985).

Accordingly,

**IT IS THEREFORE ORDERED** that Defendant Samuel Marian Mattia's Motion to Dismiss Indictment (Doc. 34) is **GRANTED** in part and **DENIED** in part. The Government shall elect between the charges in Count One and communicate its election to Defendant and the Court no later than 30 days from the date of this Order.

**IT IS FURTHER ORDERED** continuing the trial date from **July 6, 2021 to November 8, 2021 at 9:00 a.m.,** in Phoenix, Arizona, and continuing the pretrial motion deadline until **September 27, 2021.**

**IT IS FURTHER ORDERED** that if any subpoenas were previously issued and served in this matter, that they remain in effect and are answerable at the new trial date and the party who served the subpoena should advise the witnesses of the trial date.

The Court finds excludable delay under Title 18 U.S.C. §3161(h)(7)(A) from <u>July 7, 2021</u> to <u>November 8, 2021</u>.

Dated this 19th day of May, 2021.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge