**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-20-00664-001-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Samuel Marian Mattia, | |
| Defendant. | |

Pending before the Court is Mr. Samuel Mattia's ("Defendant") Amended Motion to Dismiss the Indictment, (Doc. 77), Motion to Dismiss the Superseding Indictment as Duplicitous, (Doc. 86), and Motion to Dismiss the Superseding Indictment for Violating the First Amendment, (Doc. 87.) For the following reasons, the Court denies the Amended Motion to Dismiss the Indictment as moot, grants in part and denies in part the Motion to Dismiss for Duplicity, and denies the Motion to Dismiss for Violating the First Amendment.

## BACKGROUND

In December 2018, then-FBI agent M.H. began a romantic relationship with Defendant, a former inmate at the Arizona Department of Corrections. (Doc. 86 at 2.) After Defendant's community supervision ended in early 2019, Defendant signed as a confidential source with the FBI. (Doc. 86 at 3.) Defendant and M.H.'s relationship continued through March 2019, when M.H.'s husband, J.H., found out about the

relationship. (Doc. 86 at 3–4.) Thereafter, Defendant's relationship with M.H. soured. (Doc. 86 at 3–4.) In April 2019, Defendant contacted J.H. and his sister-in-law asking them to stop M.H. from harassing him. (Doc. 86 at 4.) He also sent photos of him and M.H. engaged in sexual acts. Defendant sent similar photos to N.G., another FBI agent and former coworker of M.H. Defendant was subsequently charged with violating 18 U.S.C. § 2261(2)(B), the federal cyberstalking statute. (Doc. 22 at 1.)

The Court found the original indictment duplicitous because it listed two victims under one count. (Doc. 54.) As a result, the Government was ordered to elect between the charges within thirty days of the order. (Doc. 54 at 3.) Instead, the Government obtained a superseding indictment, which Defendant now seeks to dismiss as duplicitous and unconstitutional. (Doc. 86); (Doc. 87.)

## DISCUSSION

**I. Duplicity**

The superseding indictment suffers from the same defects as the original indictment. Although the superseding indictment now contains three counts of cyberstalking, each count—yet again—lists multiple victims. (Doc. 79.) Count One alleges that Defendant acted "with the intent to harass and intimidate M.H. *and the spouse or intimate partner* of M.H." and engaged "in a course of conduct that caused, and would reasonably be expected to cause, substantial emotional distress to M.H. *and the spouse or intimate partner of M.H.*" (Doc. 79 at 1) (emphasis added). Count Two lists "J.H. and immediate family members of J.H.," and Count Three lists "N.G. and the spouse or intimate partner of N.G." (Doc. 79 at 2.) All three counts contain multiple victims: the named victim and the spouses or family members of that victim. As this Court noted before, the victim is the unit of prosecution for § 2261A(2); there must be only one victim per count. (Doc. 54 at 2–3.) The superseding indictment is duplicitous.

Defendant has provided no persuasive reasoning as to why the superseding indictment should be dismissed instead of allowing the Government to choose between the charges. Defendant merely recites his previous argument that "there is no way to determine

whether the grand jury found probable cause" as to the elements of the crime for each victim. (Doc. 86 at 7.) However, because the superseding indictment is exactly the same as the original indictment, except for substituting "J.H." with "the spouse or intimate partner of" or "the immediate family members of," the Court's prior reasoning stands:

> [T]he Indictment can be read as finding probable cause for both [victims] as the Indictment specifically ties elements of the offenses to both [victims]. Additionally, requiring the Government to elect between the charges is an acceptable remedy even when a grand jury issues the charges. *See United States v. Aguilar*, 756 F.2d 1418, 1423 (9th Cir. 1985).

(Doc. 54 at 3 n.1.) The Court finds no reason to alter the remedy here. Therefore, the Government is ordered to elect between the charges contained in each Count and communicate its election to Defendant and to the Court no later than fifteen days from the date of this Order.[1] To the extent that the Government believes it has the option to elect a unanimity instruction, (Doc. 81 at 1–2), it does not; it must elect between the charges contained in each of the Counts within the allotted time period.

**II. Violating the First Amendment**

Defendant next argues that § 2261A(2)(B) is unconstitutional both facially and as applied to him. The Court considers each argument in turn.

**A. Defendant's Facial Challenge**

Defendant argues that 18 U.S.C. § 2261(2)(B) is facially unconstitutional because it is a content-based restriction on speech and is overbroad. (Doc. 87 at 14.) In general, the First Amendment prohibits the government from restricting expression because of its message, ideas, subject matter, or content. *United States v. Alvarez*, 567 U.S. 709, 716 (2012). Content-based restrictions on speech are presumed invalid, and the government has the burden of showing they are constitutional. *Id.* at 716–17. However, there are a

---

[1] Because the Government has obtained a superseding indictment, Defendant's Amended Motion to Dismiss the Indictment is moot. Dismissal is more properly considered on Defendant's Motion to Dismiss the Superseding Indictment, which the Court considers in full.

"few historic and traditional categories of expression" in which content-based restrictions are permitted. *Id.* at 717. These include speech integral to criminal conduct. *Id.*

In *United States v. Osinger*, the Ninth Circuit held that a prior version of § 2261A was not unconstitutionally overbroad. 753 F.3d 939, 944 (9th Cir. 2014). Relying on *United States v. Petrovic*, 701 F.3d 849 (8th Cir. 2012), the court reasoned that because the statute "proscribes harassing and intimidating conduct," any speech involved would be tethered to that criminal conduct—not to speech. *Id.* Therefore, the speech was unprotected by the First Amendment. *Id.* In making that determination, the court focused on the language of the statute, namely the "course of *conduct* that . . . causes . . . substantial emotional distress to [the harassee]." *Id.* (quoting 18 U.S.C. § 2261A(2)(B)). Although the statute has since been amended, the language central to *Osinger*'s holding remains the same:

> Whoever—
>> (2) with the intent to kill, injure, harass, intimidate, or place under surveillance with intent to kill, injure, harass, or intimidate another person uses the mail, any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce to engage in a *course of conduct* that—
>>> (B) *causes*, attempts to cause, or would be reasonably expected to cause *substantial emotional distress to a person* . . . .

18 U.S.C. § 2261A(2)(B) (emphasis added). Because this vital language remains unchanged, the Court is bound by the Ninth Circuit's finding that the statute targets speech that is "integral to criminal conduct" and thus not protected by the First Amendment.[2] *United States v. Fanyo-Patchou*, No. CR19-0146-JCC, 2020 WL 4816296, at *3 (W.D. Wash. Aug. 19, 2020); *see also United States v. Storme*, No. 20 CR 650, 2021 WL 3674611, *3–5 (N.D. Ill. Aug. 19, 2021) (holding that § 2261A targets unprotected speech

---

[2] Because *Osinger* remains good law, Defendant's overbreadth challenge must likewise fail.

and collecting cases holding the same); *United States v. Ackell*, 907 F.3d 67, 77–78 (1st Cir. 2018) (holding that § 2261A did not target protected speech); *United States v. Gonzalez*, 905 F.3d 165, 191–93 (3d Cir. 2018) (same). For that reason, Defendant's Motion to Dismiss is denied on this ground.

### B. Defendant's As-Applied Challenge

Defendant also argues that § 2261A is unconstitutional as applied to him because the messages at issue involve a matter of public concern. (Doc. 87 at 6.) "Speech deals with matters of public concern when it can 'be fairly considered as relating to any matter of political, social, or other concern to the community,' or when it 'is a subject of legitimate news interest; that is, a subject of general interest and of value and concern to the public.'" *Snyder v. Phelps*, 562 U.S. 443, 453 (2011) (citation omitted). "Deciding whether speech is of public or private concern requires us to examine the 'content, form, and context' of that speech." *Id.* (quoting *Dun & Bradstreet, Inc., v. Greenmoss Builders*, 472 U.S. 749, 761 (1985)). "In considering content, form, and context, no factor is dispositive, and it is necessary to evaluate all the circumstances of the speech." *Id.* at 454.

Here, Defendant sent sexually explicit photos to M.H.'s family member, M.H.'s husband, and M.H.'s coworker. (Doc. 87 at 3–4.) Although the photos involved sexual conduct between a confidential informant and an FBI agent, this fact alone is not dispositive. *United States v. Sergentakis*, No. 15 Cr. 33(NSR), 2015 WL 3763988, at *4 (S.D.N.Y. June 15, 2015) (holding that the CFO of a "major, public charity" and witness in a federal prosecution was not a public figure). Defendant was not motivated "purely for altruistic reasons as part of a critical campaign"[3] against M.H. or the federal government; he did not make a public statement concerning her conduct or representation of the FBI as a whole. Instead, Defendant specifically targeted M.H. by messaging those closest to her. Therefore, the Court cannot say that sending sexually explicit photos—in this context— establishes a matter of public concern.

*Cassidy* and *Cook* are not inconsistent with the Court's decision. In *United States*

---

[3] *Sergentakis*, 2015 WL 3763988, at *6.

- 5 -

*v. Cassidy*, the defendant made public posts on Twitter criticizing a well-known religious figure. 814 F. Supp. 2d 574, 579 (D. Md. 2011). Because the speech involved a public figure on a matter of public concern, the district court found the speech protected. *Id.* at 586. However, the *Cassidy* court emphasized that posting on the Internet was "in sharp contrast to a telephone call, letter or e-mail specifically addressed to and directed at another person," and that the difference was "fundamental to the First Amendment analysis." *Id.* at 578. The court also noted that the victim "had the ability to protect her 'own sensibilities simply by averting' her eyes from [the posts]." *Id.* at 585. Here, Defendant did not make a public Internet post but specifically directed sexually explicit photos of M.H. to M.H.'s family members and coworker. Like *Cassidy*, this difference is "fundamental" in that it crosses the line between speech that is "of public concern" and speech that is harassment.

Moreover, in *United States v. Cook*, an acquitted criminal defendant made several posts on Facebook criticizing the Mississippi justice system. 472 F. Supp. 3d 326, 328-331 (N.D. Miss. 2020). Again, the district court noted that the defendant never "directly contacted any of the subjects of his Facebook posts" either through "direct message, email, telephone, letter or otherwise," and that the victim would have to actively search for Defendant's page to see the content. *Id.* at 331–32. Defendant in this case did the opposite of the defendant in *Cook*: he directly messaged his victims, never made any public post, and used a medium through which his victims could not avoid the content. Therefore, *Cook* does not govern this case.

Defendant's speech is not protected speech because it is speech "integral to criminal conduct" that is not on a matter of public concern. It is not the speech itself that is the subject of the indictment but rather Defendant's specific targeting of M.H. and her family, via direct message, with the intent to harass. Any related speech is incidental to that underlying criminal conduct and is thus unprotected by the First Amendment. For that reason, Defendant's Motion to Dismiss is denied.

## CONCLUSION

The superseding indictment is duplicitous, but the Court declines to dismiss the

indictment at this time; instead, the Government should elect between the charges within fifteen days. Moreover, § 2261A(2)(B) is not unconstitutional, either facially or as applied to Defendant.

**IT IS THEREFORE ORDERED** that Defendant Samuel Marian Mattia's Motion to Dismiss the Superseding Indictment as Duplicitous (Doc. 86) is **GRANTED** in part and **DENIED** in part. The Government shall elect between the charges contained in Counts One, Two, and Three and communicate its election to Defendant and the Court no later than fifteen days from the day of this Order.

**IT IS FURTHER ORDERED** that Defendant Samuel Marian Mattia's Motion to Dismiss the Superseding Indictment for Violating the First Amendment (Doc. 87) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Samuel Marian Mattia's Amended Motion to Dismiss the Indictment (Doc. 77) is **DENIED** as moot.

Dated this 22nd day of September, 2021.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge